UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ERIC ROACH, # K9313                                               PETITIONER

V.                                        CIVIL ACTION NO.1:08CV281-GHD-JAD

ED HARGETT, WARDEN                                                RESPONDENT

REPORT AND RECOMMENDATION

The respondent has moved to dismiss the petition for writ of habeas corpus (Doc. 6) as untimely filed. The petitioner has responded to the motion.

28 U.S.C. §2244(d) provides:

> (D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing a application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Roach was convicted of armed robbery on November 30, 2004 in Lowndes County, Mississippi. On December 1, 2004, he was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. On December 29, 2004, Roach's attorney attempted to file a notice of appeal. Because the attorney was not licensed in the state of Mississippi, the notice of appeal was returned unfiled by the circuit clerk upon advice from the Clerk of the Mississippi Supreme Court based upon Rule 46 of the Mississippi Rules of Appellate Procedure. This rule prohibits the filing of pleadings by lawyers not licensed in the state, unless specially admitted. Because this pleading was rejected and not filed, the judgment of conviction became final on December 31, 2004.

Almost one year later on December 12, 2005, Roach filed a motion for post conviction relief seeking a direct appeal. Being within the one year federal statute of limitations, this filing tolled the running of the federal statute of limitations less than a month before its expiration. When this motion was denied on March, 9, 2006 and Roach failed to appeal, the federal period of limitations began again, expiring less than one month later.

Roach filed a second post conviction motion in December of 2006 which was denied as successive. He appealed the denial of this motion for post-conviction relief. Because this motion was filed after the running of the federal statute of limitations, it is immaterial to the determination of this motion.

Roach contends that the filing of the petition is nonetheless timely. He makes a confusing argument. It is to no avail. The petition is untimely. He also asserts that he is entitled to equitable tolling pointing to the failure of his attorney to perfect the appeal. He also points out that he lacks funds to employ counsel and is housed in a facility with "no legal assistance or law library access."

Research materials, including a first step packet which explains the federal time limits, is available on request to every inmate with the Mississippi Department of Corrections through the Inmate Legal Assistance Program(ILAP). Every inmate is advised of the existence of ILAP and how to request assistance from ILAP. *Neal v. Bradley,* 2006 WL 2796404 (N. D.Miss. September 25, 2006). The petitioner's failure to research this issue on a timely basis and his resulting ignorance of the law are no excuse.

Roach makes no showing of when he became aware of his attorney's failure to perfect his direct appeal, but claims to have acted diligently in the pursuit of relief. Regardless it is obvious that as of December, 2005 when the petitioner filed the first state post conviction motion that he was aware of the problem. He failed to appeal the denial of his claim. He then waited approximately nine additional months before taking any further action. Roach has not been diligent in the pursuit of post-conviction remedies. Additionally on the record it is clear that Roach has also failed to exhaust his state remedies and that those remedies are now procedurally barred.

The undersigned recommends that the petition be dismissed as untimely.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 23rd day of July, 2009.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE